IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LYDELL WASHINGTON,

                          Plaintiff,                          ORDER

        v.
                                                        21-cv-37-wmc
JAY VAN LANEN,

                          Defendant.

    *Pro se* plaintiff Lydell Washington, who currently is incarcerated at Green Bay
Correctional Institution ("Green Bay"), is proceeding in this lawsuit under 42 U.S.C.
§ 1983, on a claim that defendant Captain Jay Van Lanen failed to protect him from the
assault of another inmate. Now before the court is defendant's motion to dismiss or
transfer this case to the Eastern District of Wisconsin, under 28 U.S.C. § 1406(a) and
Federal Rule of Civil Procedure 12(b)(3). (Dkt. #16.) Since venue is improper in this
district but proper in the Eastern District of Wisconsin, the court will grant the motion
and transfer this case.


                              OPINION

    Under 28 U.S.C. §§ 1391(a) and (b), venue is proper in a district court where one
or more of the defendants reside (if they are all residents of the same state), or where a
substantial part of events giving rise to a lawsuit occurred. When a lawsuit is filed in an
improper district, a district court "shall dismiss, or if it be in the interest of justice, transfer
such case to any district or division in which it could have been brought." 28 U.S.C.
§ 1406(a).

Defendant's position is that venue is improper in this district court because:  (1) all events relevant to this lawsuit are alleged to have occurred at Green Bay, which is located within the Eastern District of Wisconsin, *see* 28 U.S.C. § 130(a); and (2) defendant does not reside within this district, nor did he reside within this district at the time Washington filed his complaint (*see* Decl. of Kathryn Pfefferle (dkt. #17) ¶¶ 3-4).

Washington's arguments in opposition are unavailing.  He maintains that this district would be the more convenient forum and that this court should give great weight to the forum that he chose to initiate this lawsuit.  However, the court may consider the question of convenience in resolving motions brought under 28 U.S.C. § 1404(a); it is *not* relevant when a party seeks to dismiss or transfer a case for *improper* venue under § 1406(a) and Rule 12(b)(3), as defendant moves here.  Rather, once the court determines that venue is improper in this court, its discretion is limited to either transferring or dismissing the action.  *See Hapaniewski v. City of Chi. Heights*, 883 F.2d 576, 579 (7th Cir. 1989) ("Under § 1406(a), a district court may transfer a case brought in the wrong division or district if it is in the interest of justice to do so.  A district court must dismiss such a suit if it denies the transfer.") (citation omitted).  Because plaintiff has not otherwise suggested that venue is proper in this district, the court finds that venue is improper here, and further that transferring this case to the Eastern District of Wisconsin, where venue is proper, serves the interests of justice.

ORDER

IT IS ORDERED that:

1)  Defendant's motion to dismiss or transfer venue (dkt. #16) is GRANTED.

2)  This case is TRANSFERRED to the Eastern District of Wisconsin.

Entered this 8th day of June, 2022.

BY THE COURT:

/s/
_____

WILLIAM M. CONLEY
District Judge